**Francisco ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00363–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 26, 1992.

</div>

Norbert J. Garney, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for state.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

A jury convicted Francisco Ortiz, Appellant, of aggravated sexual assault and assessed punishment at 65 years' imprisonment. In five points of error, Appellant seeks review of the trial court's judgment. We affirm.

In Point of Error No. One, Appellant contends the trial court abused its discretion in failing to grant his motion for continuance. In Points of Error Nos. Two through Five, Appellant argues that the trial court abused its discretion in the admission of various types of evidence. The underlying facts of the case, in brief, indicate that Appellant and others abducted the two complaining witnesses (G\_\_\_\_\_ and M\_\_\_\_\_) at knife point, took the victims to a nearby house, locked the exits, thwarted attempted escapes, forced them to ingest illicit drugs and sexually abused both victims orally, vaginally and rectally. After being released hours later, the victims went home and later contacted the authorities.

In his first point of error, Appellant argues the trial court erred in not granting his written motion for continuance following his claim of surprise as a result of the introduction of previously undisclosed inculpatory evidence. Initially, we note that reversal of a trial court's denial of an accused's motion for continuance is required only upon a showing that the court abused its discretion. *Hernandez v. State*, 643 S.W.2d 397, 399 (Tex.Crim.App.1982), *cert.*

*denied,* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). In attempting to show that the trial court abused its discretion, Appellant contends that the State unexpectedly introduced testimony indicating G_____ identified Appellant as one of her assailants in a series of photo lineups which entitled him to a continuance pursuant to Tex.Code Crim.Pro.Ann. art. 29.13 (Vernon 1989).

■ The record reveals Appellant filed a motion for discovery approximately two months prior to trial, but no ruling appears of record. Immediately prior to trial, the court ordered the State to reveal any lineups to Appellant during the pending lunch break and asked Appellant whether he wished a continuance to which his counsel stated, "I'll have to reserve that until the evidence is brought forward." Subsequently, the jury was selected, sworn and sent to lunch. After lunch, the trial began without further mention of the continuance offered by the trial court. On the following day, G_____ took the stand and identified both Appellant and his codefendant as two of the numerous actors who assaulted her repeatedly. She also testified about photo lineups conducted by a sheriff's department investigator. Appellant's codefendant cross-examined G_____ attempting to impeach her on how she assigned names to the individuals she selected from the lineups.

Next, the investigator began to explain the photo lineups and testified that a photo of Appellant's twin brother was used in the lineups. Appellant obtained a hearing outside the presence of the jury and objected on the grounds of surprise alleging that the information regarding the identifications by G_____ was not made available to him until immediately prior to trial. Appellant argued that the surprise revelation that his twin had been a part of the lineups was "just devastating inculpatory evidence that has been withheld from me...." Appellant also argued that he would need more time to prepare for trial and moved for a continuance which was overruled.

Subsequently, the investigator continued to explain how the lineups were conducted.

She testified that out of seven photo lineups, G_____ identified four suspects, including Appellant—but specifically excluding his twin brother. Appellant's trial preparation apparently included the potential defensive theory of misidentification, but he was unaware that G_____ had specifically excluded the twin as a suspect. Thus, Appellant's anticipated misidentification defense was diminished. After another bench conference, the court ruled that he would allow the investigator to continue to testify about the presence of the twin in lineups. The investigator then testified that G_____ specifically eliminated the twin because his eyes were different than Appellant's.

After the State passed the witness, both Appellant and his codefendant declined to cross-examine the investigator arguing they needed more time to prepare due to the surprise testimony eliminating the twin as a suspect. Again, the court overruled the motion for a continuance. Subsequently, the State rested, and the codefendants moved for a mistrial due to the surprise testimony and also moved for directed verdicts. After the motions were overruled, the codefendants rested, and both the State and defense closed.

Appellant asserts that the photo lineups were added to the file after he had reviewed the State's file without further notice to Appellant's counsel. He argues that such a failure of the State (compounded by the trial court's admission of the testimony) served to deprive him of a fair trial absent a continuance. We disagree. Appellant does not argue that the State intentionally failed to disclose the information, nor does he cite any authority which would require the State to notify him of the contested evidence on its own initiative. We again note that Appellant's motion for discovery seeking such evidence was not ruled upon by the court.

■ After trial begins, a continuance may be granted pursuant to Tex.Code Crim.Pro.Ann. art 29.13 if (1) an unexpected event occurs which (2) could not have been anticipated through the exercise of reasonable diligence to the extent that

(3) the surprise precludes the existence of a fair trial. Due to the absence of an order on Appellant's discovery motion, we conclude that reasonable diligence of obtaining such an order would have provided adequate opportunity to view the State's file, discern the presence of the lineups, and thereby eliminate any surprise or unexpected occurrence. See *Williams v. State*, 768 S.W.2d 337, 341 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Moreover, the court specifically asked Appellant, in a pretrial hearing the day before the evidence was introduced, if he needed more time to prepare considering the anticipated disclosure of such evidence as contemporaneously ordered by the court. Appellant declined the invitation and attempted to "reserve" that option. Since the trial court did not authorize or condone such a reservation, we find it to be of no effect. Consequently, the trial court did not abuse its discretion as no "unexpected" or "surprising" event occurred during trial *which warranted* a continuance. *Id.* As a result, Appellant's first point of error is overruled.

■■■ The remaining points of error contend that the trial court abused its discretion in admitting various types of evidence. The standard of review requires us to apply the following rules to each of these points. Texas Rules of Criminal Evidence 103(a) states that "[e]rror may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected,...." See also Tex. R.App.P. 81(b)(2). Evidence which has a tendency to make the existence of any consequential fact more or less probable is generally admissible. Tex.R.Crim.Evid. 401, 402. However, Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, ... or needless presentation of cumulative evidence." The trial court is provided wide discretion in liberally construing the rules of evidence to determine the admissibility of evidence. *Egger v. State*, 817 S.W.2d 183, 185 (Tex.App.—El Paso 1991, pet. ref'd). To be successful, Appellant must demonstrate that the court clearly abused

its discretion by acting arbitrarily and unreasonably, without reference to any guiding rules or principles. See *Breeding v. State*, 809 S.W.2d 661, 663 (Tex.App.— Amarillo 1991, pet. ref'd).

■■ In Point of Error No. Two, Appellant contends that the trial court erred in admitting prejudicial, inflammatory and irrelevant testimony of his affiliation with a gang. Prior to trial, Appellant obtained a motion in limine forbidding the State to introduce such evidence. The testimony was elicited from the sheriff's department investigator who stated she was aware of some people in El Paso County involved in a gang called Ortiz 13. She did not, however, explicitly say that Appellant was a member of that gang. While Appellant objected to admission of the testimony as being both irrelevant and inflammatory when offered by the investigator, the testimony had previously been admitted without objection in the testimony of G_____. During the previous admission of the evidence, G_____ testified, "Ortiz [Appellant] screamed at me that he's the boss there, Ortiz 13." It was this testimony, not that of the investigator, that expressly linked Appellant to the gang, and it was admitted without objection. The prior admission of this more harmful evidence serves as a procedural default by Appellant which waives error, if any, to the subsequent introduction of such testimony because an objection is required every time inadmissible evidence is presented. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App. 1990), cert. denied, — U.S. —, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Without necessitating application of the rules of evidence, Point of Error No. Two is overruled.

■■ In Point of Error No. Three, Appellant argues the trial court erred in admitting testimony of the arresting officer that Appellant was wanted in connection with outstanding aggravated sexual assault warrants. After trial had begun, but prior to the officer's testimony, the court held a hearing outside the presence of the jury in which it ruled that the officer could testify

of the existence of the outstanding warrants pertaining to the instant case. The jury returned, and El Paso Police Officer Antonio Alvarez testified he was driving on Interstate 10 when he recognized Appellant's vehicle as one which he had prior knowledge indicating the owner was wanted on several outstanding warrants. The officer's testimony before the jury does not specify for what crime the warrants were issued. When Alvarez attempted to stop the vehicle, the Appellant attempted to evade the officer at a high rate of speed, ran two red lights, lost control of the vehicle and crashed into a concrete pillar supporting an overpass. Alvarez identified both Appellant and his codefendant as two of the occupants of the vehicle who were subsequently arrested.

On appeal, Appellant asserts that the testimony relating to Alvarez' knowledge of the outstanding warrants was improperly admitted over the extraneous offense objection. At the hearing, prior to the offer of Alvarez' testimony, the Appellant's counsel argued that a prior motion in limine by his codefendant covered any potential extraneous offense problems, but he wanted to make sure that he had similarly protected Appellant. Counsel argued evidence of pending charges substantiated by the warrants should be inadmissible as it might indicate the commission of other crimes. While the court sustained arguments regarding the inadmissibility of evidence regarding weapons and evading arrest charges (stemming from the chase), it overruled the part of the motion in limine pertaining to existence of the outstanding warrants for the instant offense.

■ The issue is whether the trial court abused its discretion admitting such testimony. We need not address the substance of the issue because the testimony, when introduced before the jury, was admitted without objection. Neither the granting nor denial of a motion in limine is alone sufficient to preserve error for appellate review; error is properly preserved by ob-

jecting at the very time the evidence is offered at trial before the trier of fact. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim.App.1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989). *Romo v. State*, 577 S.W.2d 251, 252 (Tex. Crim.App.1979).[1] Failure to timely object to testimony *at trial* waives any error in admission of the evidence. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.), cert. denied, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988).

Alvarez' testimony was not offered into evidence nor formally admitted during the hearing. Subsequently, however, Alvarez testified to the jury about his knowledge of the existence of outstanding warrants for persons likely to be driving the suspect vehicle. It is at this point that: (1) the testimony was offered into evidence; and (2) an objection must then be raised at the earliest time to either prevent admission of the evidence or preserve error. See, e.g., *Jacobs v. State*, 787 S.W.2d 397, 406 (Tex. Crim.App.), *cert. denied*, —— U.S. ——, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990) (preservation requires contemporaneous objection); *Bethune v. State*, 803 S.W.2d 390, 391 (Tex.App.—Houston [14th Dist.] 1990, no pet.) (objection and ruling required when offered before jury). The evidence was offered without objection. Accordingly, any error in admitting the evidence was waived. Tex.R.Crim.Evid. 103(a)(1). See also Tex.R.App.P. 52(a). Due to such waiver, the point of error is overruled.

■ In Point of Error No. Four, Appellant contends the trial court erred in admitting testimony, during the punishment phase of the trial, of the long term effects of the offense upon G_____ as stated by her mother. Initially, we note that victim impact evidence is generally admissible if it pertains to the accused's personal responsibility and moral guilt. *Miller–El v. State*, 782 S.W.2d 892, 896 (Tex.Crim.App.1990). See also *Stavinoha v. State*, 808 S.W.2d 76, 78–79 (Tex.Crim.App.1991). As Appellant notes in his brief, he did vigorously and

---

1. The manner in which error is preserved from a motion in limine is distinguishable from a situation involving a motion to suppress. See

*Wyle v. State*, 777 S.W.2d 709, 715 (Tex.Crim. App.1989).

repeatedly object to much of the testimony by G_____'s mother. On appeal, Appellant argues, as he did at trial, that the testimony was offered only to inflame the jury as the evidence was irrelevant and called for speculation on the part of the witness. While several of the objections were overruled, the trial court sustained a majority of the objections.

Therefore, as to those objections which were overruled, the issue before us is whether the evidence bore some relationship to Appellant's personal responsibility and moral guilt. We conclude that it did. As did the Court of Criminal Appeals in *Stavinoha*, we find that a jury could, from the challenged evidence, rationally hold Appellant responsible for the trauma and its consequences caused G_____. 808 S.W.2d at 79. The evidence, admitted over objection (and otherwise preserved), was that: (1) G_____ appeared very bad immediately following the offense; (2) G_____ had to quit her job because she was sick and had pain in her stomach; (3) prior to the offense, G_____ was very happy; and (4) since the offense was committed before Christmas, G_____ had to spend the holiday with her mother. We find G_____'s mother's testimony rationally attributed moral culpability for her daughter's injuries and the attendant consequences as circumstances of the instant offense to Appellant. *Miller–El*, 782 S.W.2d at 896. Any of the potentially damaging testimony from G_____'s mother is directly attributable to Appellant's actions in abducting the victim, locking her in a house for hours while Appellant, his codefendant and others raped her repeatedly. Thus, he is personally responsible and morally culpable for such trauma. As a result, the trial court did not abuse its discretion in admitting the evidence, and we overrule the point of error.

In his last point of error, Appellant argues the trial court improperly admitted character testimony relating to a specific act of Appellant elicited from the sheriff's investigator during the punishment phase. The specific act of Appellant alleged as improper character evidence is a statement allegedly made to the investigator earlier on the same day while Appellant was in the court room. Appellant allegedly told the investigator in a threatening manner, "I control the streets. When I get out of here, I control the streets." We need not address the substance of the point of error because the error, if any, is waived.

Appellant initially objected to the witness's "meaning or her interpretation" of the statement made in Spanish. The court sustained the objection, and the jury was instructed to disregard the witness's partially completed statement of the above quote. The trial court did, however, deny Appellant's motion for a mistrial, but Appellant does not challenge this denial. Immediately thereafter, the State asked the same basic question again by asking the witness to "simply state what he said, translate what he said [sic]." No objection was lodged against this question, and the witness responded as quoted above. Since the testimony actually complained of is the witness's response to the subsequent question to which no objection was raised, nothing is preserved for review. Tex.R.Crim. Evid. 103(a)(1). See also *Johnson*, 803 S.W.2d at 291. Thus, we need not reach the substantive issue, and the point of error is overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.