NO. 07-04-0373-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 11, 2005

_____

ENRIQUE RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-04E-056; HON. ROLAND SAUL, PRESIDING

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Enrique Rodriguez appeals his conviction of burglary of a habitation by arguing in four issues that 1) the evidence is factually insufficient to support the conviction, 2) the court erred in admitting evidence of a motel registration card, 3) the trial court erred in admitting evidence that he gave an alias to police prior to his arrest, and 4) the admission of the items in his second and third issues were in violation of Rule of Evidence 403. We affirm the judgment of the trial court.

## Background

On October 25, 2003, Martin Ruiz, his wife Margarita, and his daughter Jessica returned to their home in Hereford. Martin entered the house first while Margarita and Jessica parked the car. Martin sat down at the table and saw a man, later identified as appellant, in his home. The man said he was the uncle of Martin's sister-in-law. Martin then recognized him as someone he had seen on five or six previous occasions. When Martin asked appellant what he was doing there, appellant replied that he was trying to sell him some meat although he had no meat with him. Martin asked if appellant had taken anything from the house to which appellant responded negatively. When Margarita and Jessica entered the home, Margarita told Jessica to call the police even though appellant asked them not to because he was on probation. Appellant then left the house, and Martin told his wife to go through the house to see if anything was missing. Margarita discovered that all of her jewelry was gone.

Martin went outside and ran after appellant yelling for him to stop. Appellant stopped near a dumpster in an alley, and Martin asked him to return the jewelry. Although appellant initially denied taking anything, he subsequently removed the jewelry from his pocket and then left. Martin returned home to meet the police. He gave a description of the man to Officer Jean Coffin and told her he believed appellant was going to the Relax Inn. Coffin showed a photograph of appellant, which she had obtained at the police station, to the manager of the motel. The manager showed her a registration card which he believed belonged to that man. The card indicated that the room was registered to a Rick Gaston. The police then went to the room and found appellant, who identified himself as Joe or Jose Gaston with a birth date of May 25, 1947. At that point, he was arrested for burglary.

2

### Issue One - Sufficiency of the Evidence

In his first issue, appellant argues that the evidence is factually insufficient to sustain his conviction. We overrule the issue.

The standard by which we review a challenge to the factual sufficiency of the evidence is found in *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the parties to those cases for explanation of the standard.

Next, appellant contends the evidence is insufficient because it is not based on any physical evidence but is solely substantiated by the testimony of Martin and Margarita. He points to the fact that he was not found in possession by the police of any stolen property, there was no evidence of his fingerprints in the Ruiz home or on the stolen jewelry, no forensic evidence or videotape connected him to the offense, the testimony of Martin is inconsistent, and Martin was not shown a photo array of possible suspects before identifying appellant (his sister-in-law's uncle, someone who he previously saw five to six times, someone whom he recognized as an indirect relative, and someone from whom he stood face to face while in his house) as the burglar.

A person commits a burglary if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a theft. TEX. PEN. CODE ANN. §30.02(a)(3) (Vernon 2003). Here, both Martin and Margarita testified that appellant was in their home without consent and that they discovered jewelry owned by them to be missing after he had been there. Martin further described how appellant removed the missing jewelry from his (appellant's) pocket when confronted after appellant left the house. Also appearing of record is evidence that Martin had previously seen appellant on five or six occasions and

3

unequivocally identified him from a photograph at the police station and in person at trial.[1]

This testimony provides more than ample evidence to prove appellant's culpability for the

offense. Furthermore, the jury was free to believe the testimony in spite of inconsistencies

and the lack of physical evidence. *Herrero v. State,* 124 S.W.3d 827, 834-35 (Tex. App.

–Houston [14th Dist.] 2003, no pet.). And, we know of no rule that requires the suspect to

be found by the police (as opposed to a third party) with the stolen property before he can

be convicted of theft or burglary. In short, the evidence is factually sufficient to support the

conviction.

### *Issue Two - Admission of Registration Card*

Appellant next complains that the trial court erred in permitting the admission of the

motel registration card without a proper predicate for its introduction. We overrule the

issue.

We review the trial court's admission of evidence under the standard of abused

discretion. *Green v. State,* 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). Appellant

argues that the State should have had the motel registration card introduced by the

custodian of records or by a business records affidavit because it constituted hearsay.

At trial, the State attempted to introduce the evidence through Officer Coffin.

Appellant objected both on the basis of hearsay and the failure to lay a predicate. The

State responded that the card was not offered to prove the truth of the matter asserted but

was offered to show "why Officer Coffin went to Room Number 32 and how it is that she

---

[1]Appellant states in his brief that the identification of him by Martin was unreliable because he was not shown a photo array of other suspects and therefore he was "denied his constitutional rights to due process and confrontation of his accusers." However, appellant did not make this objection to the trial court, and, therefore, that issue was waived. *Perry v. State,* 703 S.W.2d 668, 671 (Tex. Crim. App. 1986).

4

was able to locate the suspect." The trial court ruled that the document did not constitute hearsay and instructed the jury that the evidence was admitted strictly for the purpose of showing why Coffin went to that room.

Police officers may testify to how an investigation began, how the defendant became a suspect, and the course of events leading to his arrest. *Dinkins v. State,* 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); *Lee v. State,* 29 S.W.3d 570, 577-78 (Tex. App. –Dallas 2000, no pet.); *Cano v. State,* 3 S.W.3d 99, 110 (Tex. App.–Corpus Christi 1999, pet. ref'd). Such evidence is not hearsay because it is not offered for the truth of the matter asserted. *Lee v. State,* 29 S.W.2d at 577-78; *Cano,* 3 S.W.3d at 110. There, the subject evidence was offered for the purpose of showing how the investigation proceeded and, therefore, irrespective of whether the document was not properly offered as a business record, we find no abuse of discretion on the part of the trial court in admitting it. *See Castillo v. State,* 71 S.W.3d 812, 818-19 (Tex. App.–Amarillo 2002, pet. ref'd) (holding the trial court did not err in admitting a document irrespective of whether the State satisfied the elements for admission as a business record when it was a public record which is an exception to the hearsay rule).

### *Issue Three - Admission of Alias*

Appellant claims in his third issue that the trial court erred in allowing admission of evidence that he provided the police with an alias when they confronted him in his motel room because it constituted an extraneous offense. We overrule the issue.

Appellant filed a motion in limine wherein he argued that his failure to identify himself properly to the police officer was an extraneous offense. However, at the time the evidence was offered at trial, appellant voiced no objection. A ruling on a motion in limine does not

5

preserve error for appellate review. *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Lusk v. State,* 82 S.W.3d 57, 60 (Tex. App.–Amarillo 2002, pet. ref'd). Rather, the appellant must specifically object to the admission of the evidence during the trial. *Lusk v. State,* 82 S.W.3d at 60; TEX. R. APP. P. 33.1(a)(1). Because appellant did not so object at the time the evidence was offered at trial, he waived his complaint. *Ortiz v. State,* 825 S.W.2d 537, 541 (Tex. App.–El Paso 1992, no pet.). And, even if the issue was not waived, presentation of false identification to a police officer indicates consciousness of guilt and is admissible to prove knowledge. *Felder v. State,* 848 S.W.2d 85, 98 (Tex. Crim. App. 1992); *see also* TEX. R. EVID. 404(b) (stating that evidence of other crimes, wrongs, or acts may be admissible to prove knowledge).

### Issue Four - Rule 403 Objection

In his final issue, appellant argues that the trial court erred in admitting the evidence of both the motel registration card and the false identification in violation of Rule 403 of the Rules of Evidence. Appellant only raised the issue in his motion in limine and failed to object during trial to the admission of either piece of evidence on the basis of Rule 403. Again, his failure to do so waived the issue. *Ortiz v. State,* 825 S.W.2d at 541.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

6