COURT OF CRIMINAL APPEALS
P.O. Box 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

9-15-15
38,681-05
CAUSE No. 11965 (C)

RE: MOTION for requested evidentiary hearing; Supplement To WRIT OF HABEAS CORPUS; Copy of Affidavit by the — recanting Witness, Tabitha Brown; And, Copy of State's Appeal Brief, — Refered to as "State's Brief" in the — Application for Habeas Corpus, Ground # 1 and #2, And INFORMATION, NOTED AS PERTAINING TO WRIT OF HABEAS CORPUS.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Dear Clerk, Abel Acosta,

Please find inclosed the instruments listed above, all of which Petitioner desires to be filed as part of the record in the above Cause No. 11965(c), other documents not listed above are to be filed as well.

Please place sufficient notation upon the State's Appeal Brief, so as to cause the Court to be made aware that this is the "Only" record relied upon in the Habeas. As all citing's are refering to this: STATE BRIEF.

Also: Please note that page "No. 12" is missing from this supplied State Brief, however, it is in the file of WR-38,681-04, listed as Exhibit (B). This WR-38,681-04 has been Denied without written order, therefore exhausted.

Please place the exhibit (B) into the supplied State's Brief so the Court will have an entire brief. This had to be done, as the brief is the only copy Petitioner has.

Thank You for your help

Jeffrey L. Ward

# INFORMATION, PERTAINING TO THE
## PETITIONER'S WRIT OF HABEAS CORPUS 11.965(c)

Concerning Notation Denoting Referance Made In Petitioner's Habeas Corpus, "New Evidence Nov. 15, 2000, See Sexton V. State, 51 SW. 3d, at 604.

Note Also: That because the 2nd Judicial District Court did Keep facts from being Known, seen, or heard from both the 12Th Court of Appeals during Petitioner's Appeal, and also, from the COURT OF CRIMINAL APPEALS during there Crucial determination of Petitioner's Prior Habeas Corpus, of the mentioned; "Partial Evidentuary Hearing" therein the Grounds of Petitioner's Habeas Corpus, now before this Court.

Petitioner requests this COURT OF CRIMINAL APPEALS to verify this allegation, of wether or not, the Transcript of the Partial Evidentuary Hearing held on July 8, 1993, in reference to a Habeas Corpus filed by Alex R. Tandy Att. At Law. Filed at the 2nd District Court on June 3, 1993 and retained by the District Court over five (5) years, and until Aug. 20, 1998. The date it was filed at this COURT OF CRIMINAL APPEALS, and DISMISSED in some 30 days. The question would be. Was the Transcript filed at this COURT OF CRIMINAL APPEALS.

Since the 2nd District Court did not file a Motion for Leave to file at the 12Th Court of Appeals at Tyler, Tx., despite two (2) notices to do so. It left the Appeal's Court helpless, and without legal authority to view the Transcript. All proof necessary to prove this, is presently filed at this COURT OF CRIMINAL APPEALS at No. WR-38, 681-04 exhibit (C). Since the Appeal Court could not file the Transcript, and since only filed records can be available via the LAW LIBRARY for Petitioner to obtain a Copy. The Petitioner was left with only the District Court, and they refuse Correspondence all together, unless they are forced by an authority. Thus, the Cause which has Created such an impediment to this Petitioner's legal endeavors.

The EVIDENTUARY HEARING TRANSCRIPT is "not" available via the TEXAS LAW LIBRARY, which leaves Petitioner to understand that this COURT OF CRIMINAL APPEALS could not have filed the transcript at all. If it's filed, its available via the LAW LIBRARY. If its not filed, the Court can not utilize it. This is Petitioner's understanding of this State's Court's Proceedures.

Petitioner requests this COURT OF CRIMINAL APPEALS to make a copy of his Evidentuary Hearing Transcript available to him, as the Petitioner feels he has a right to have a copy of the evidence favorable to him, and at no cost, Since it has been kept from him for so many years, eventhough $50.00 has been sent to the 2nd District Court, Petitioner dos'ent feel the funds will be excepted, and will more than probably be returned once it finally leaves this Units slow processing.

Also, Petitioner would pray that this COURT OF CRIMINAL APPEALS, would receive a copy as well, to utilize in there determination of this Petitioner's Habeas Corpus now before this Court, and perhaps even make possibly a re-determination of Petitioner's prior Habeas Corpus this court determined without the Facts (TRANSCRIPT). If this Court does verify they never filed the Partial Evid. Hearing Transcript in Petitioner's prior habeas, WR-38,681-01.

Respectfully Submitted

Jeffrey L. Ward

Ex Parte Jeffrey L. Ward, Pro-Se

9-15-15

FOOTNOTE: The State admits that the Chief witness Tabitha Brown testified at evidentuary hearing held in this Cause No. 11965 on July 8, 1993. That AL CLARK JR. Slapped her just outside the Courtroom during trial and he slapped my mother too. At Pg. No. "12" State's Appeal Brief supplied to this Court, and filed at WR-38,681-04 Exhibit (B) Presently filed at this Criminal Appeals Court.

THE STATE OF _Alabama_     *
COUNTY OF _Etowah_     *

BEFORE ME, the undersigned authority, on this day personally appeared TABITHA BROWN, who, being by me duly sworn on oath deposes and says:

" I, Tabitha Brown, hereby swear that I was never touched in my private area by Jeff Ward. He never did this to me at any time. I only told that he did that (touching me on my privates), because I was told by Linda Gail Bingham that she would hurt my mother if I didn't say those things about Jeff at trial. I knew it was wrong. I said the things about Jeff the first time I was at the Courthouse because I was afraid Linda would hurt or kill my mother.

I was afraid to tell anyone the truth after the first day I was at the Courthouse because I was afraid.

I have now told my Daddy about what happened, and I know he called Jeff's lawyer and told him what I had said.

I am telling the truth now and I understand exactly what happened when the trial was going on".

WITNESS MY HAND this 28th day of _May_ , 1993.

_Tabitha Brown_
TABITHA BROWN

SUBSCRIBED & SWORN TO before me by the said Tabitha Brown on this 28th day of _May_ , 1993.

_Patricia C. Kidd_
NOTARY PUBLIC - STATE OF _Alabama_
MY COMMISSION EXPIRES: _7-16-94_
_Patricia C. Kidd_
PRINTED NAME OF NOTARY

EXHIBIT "A"

<u>CAUSE No. 11965(C)</u>

Ex Parte Jeffrey L Ward 〉
   Petitioner    〉
          〉    In the Court
   V.       〉
2nd Judicial District   〉     of
Court of Cherokee Co.   〉
Hon. Bascom W. Bentley III 〉   CRIMINAL APPEALS.

---

<u>Supplement to WRIT OF HABEAS CORPUS</u>
<u>IN ACCORDANCE WITH RULE 52.7(b) T.R.A.P.</u>

<u>ISSUE'S PRESENTED</u>

 COME'S NOW, JEFFREY L. WARD #647619, WYNNEUNIT 810 FM 2821, HUNTSVILLE, TX. 77349 Petitioner Pro-Se requesting this Court do file this Supplement to the Cause No. 11965 (C), currently held at this District Court Pertaining to an additional ground which Shall be noted as ground No. 3 and titled as the — <u>SUPPRESSION OF MATERIAL EXCULPATORY EVIDENCE</u> and suppressed from this Court of Criminal Appeals. Evidence of recantation indicating an unfair trial and innocence of the petitioner. Causing an unfair prior determination of petitioner's. Habeas Corpus, filed Aug. 20, 1998 at Court of Criminal Appeals but filed at 2nd District Court June 3, 1993 (5) years earlier. The Court of Criminal Appeals was never supplied a copy of the Transcript of the Evidentuary Hearing held July 8, 1993. Causing an ineffective determination of the habeas and egregious harm to petitioner.

The Petitioner filed the Original Habeas Corpus Pursuant to an Affidavit by the Chief Witness where an Evidentuary Hearing ensued indicating exculpatory evidence of coercion, threats of death and actual assaults at the Court during the Trial. All indicating Petitioner's innocence. Yet the Petitioner was denied an effective remedy from the Habeas Corpus because of the suppression of the Transcript of that hearing. Keeping all facts heard at that hearing from being known, seen, or heard by "ANY" Appeals Court. Transcript indicated a "partial" hearing was held.

This Supplement is necessitated by the discovery of the new evidence in this Cause No. 11965(C). On May 1st, 2015 Petitioner discovered the "Transcript" of the Partial evidentuary hearing that was not available at the 2nd Judicial District Court or the Texas Law Library. Petitioner has searched diligently for twenty years seeking this Newly Discovered Transcript. Which is now available at the 2nd District Court. Petitioner has made attempts to purchase the transcript, however, the Court will not respond.

The Petitioner discovered the Transcript at the 12th Court of Appeals. Where it was found to have not ever been utilized, because the District Court who did supply the transcript to the Appeals Court did not file a Motion for leave to file the out of time transcript. Eventhough two notice's were sent to the 2nd District Court requesting the Motion for leave to be filed. All evidence pertaining to the discovery of this record is filed at this Court of Criminal Appeals as WR-38,681-04 Exhibits.

The Petitioner was not able to file this ground in the Original Application, because of its not yet being discovered. However, Petitioner now files this Supplement to Habeas Corpus in Cause No. 11965(C) which has not yet been forwarded to the Court of — CRIMINAL APPEALS as of this date Aug. 5, 2015.

Petitioner Claims violation's of the Constitution's DUE PROCESS, the 5th and 14th Ammendments. Where that suppressed evidence the testimony of what actually took place at trial, The Evidentuary Hearing Transcript, kept from the Court of Crim. Appeals, Consists of facts, unrefuted, of an unfair trial and determinative of Petitioner's innocence. Where lack of the Transcript at the determination of the habeas Corpus caused the wrongful determination by the Court of CRIMINAL APPEALS, causing Petitioner to suffer from years of wrongful incarceration. See Supreme Court ruling at Writ of Mandamus, WR-38,681-04.

Respectfully Submitted

*Jeffrey L. Ward*

Ex Parte Jeffrey L. Ward Pro-Se

## CERTIFICATE OF SERVICE

By my hand I do swear that a true and correct copy of the foregoing document was mailed to the 2nd Judicial District Court at 135 S. Main St, 2nd floor, Rusk, Tx. 75785 To Ms. Janet Gates, District Clerk. Also, COURT OF CRIMINAL APPEALS, at 12308, CAPITOL STATION AUSTIN, TEXAS 78711, To be held in abeyance until the 2nd District Court forwards the habeas 11965 (C) to the Court of Criminal Appeals. Both Courts notified with exact copies on Aug. 5, 2015.

*Jeffrey L. Ward*

Petitioner Ex Parte
Jeffrey L. Ward

Ex Parte Jeffrey L. Ward    ?     In the 2nd Judicial District

vs.                ?           Court of

The State of Texas       ?     Cherokee County Texas

                            ?

                            ?

---

## MOTION FOR EVIDENTUARY HEARING IN CAUSE NO. 11965 (B) for Purposes of Habeas Corpus WRIT, Requesting Atts. Assistance

Applicant files this Motion before this Court for purposes in conjunction with the Writ of Habeas Corpus in Cause No. 11965 (B), filed with the Clerk of this Court and as for Cause for the requested hearing would show this Court the following.

Applicant was denied a full and fair evidentuary hearing in this 2nd Judicial District Court of Cherokee Co. Texas before the Hon. Judge Bascom W. Bentley III on Jul 8, 1993.

Therefore, applicant asserts that there are controverted issues, material to the legality of this applicants confinement yet to be resolved; such as, Tammy Brown did not get to testify concerning her being assaulted with her daughter Tabitha by AL CLARK JR, just outside the courtroom during the trial. The prior evidentuary hearing ended prematurely, not allowing Miss Brown an oppertunity to testify.

Applicant understands that AL CLARK JR. has been convicted at this Court of the Rape and Murder of a Ms. Ezell of Jacksonville area. Proving him to be a rapest, therefore, Applicant will point to CLARK as the probable answer as to the Medical Condition of the two alleged victims in this Applicants Case.

Applicant asserts that this issue of what caused the two alleged victims medical condition is relevant to the controverted, previously unresolved factual issues exhisting in this case.

Applicant would intend to prove that not only did AL CLARK JR. help LINDA GALE BINGHAM coerce the two alleged victims in Cause No. 11965(B) but also assaulted Tabitha Brown and her mother and threatened to kill the girls if they told of his raping them, then forceing them by Threat to tell this Court that the Applicant put his digit in there rectums, Placing all blame on Applicant because Applicant would not pay extortion money.

The Applicant asserts that Tabitha Brown and Jenn'ifer Stephens (Patrica Sexton) must be brought forth to inform this Court of the unresolved issues mentioned, directly pertaining to the legality of this Applicants confinement. Applicant requests to be present at the hearing, and will request legal assistance.

And, prays that this Honorable Court grant this motion for an Evidentuary Hearing both full and fair to fully resolve the remaining issues.

Respectfully Submitted

Jeffrey L. Ward
Applicant Pro Se

CERTIFICATE OF SERVICE

By my hand I do swear that a true and accurate copy of the foregoing document was mailed with the proper postage affixed to Janet Gates, District Clerk for Cherokee County on this the 7th day of Jan. 2015.

Jeffrey L. Ward
Jeffrey L. Ward
Wynne Unit: 810 Fm 2821
Huntsville, Tx. 77349

# INMATE CORRESPONDENCE FORM

RE: WARD,JEFFERY LYNN    #647619

CAUSE NUMBER:          11965C

DATE: January 27, 2015

WARD,JEFFERY LYNN    #647619
WYNN UNIT - 810 FM 2821

HUNTSVILLE, TEXAS   77349

( )   Upon receipt of proper fees, the copies you requested will be prepared and mailed. At $1.00 per page, the cost will be $_____.

( )   We will need a Court Order to prepare the copies you request at no charge to you.

( )   Contact the Court Reporter listed below to request a copy of the statement of Facts and fees. NAME:_____ ADDRESS: _____
_____

(XX)  Your Petition for Writ of Habeas Corpus has been recieved and filed Article 11.07 of the Texas Code of Criminal Procedure affords the State 15 days to answer. After that 15 days, the Court has 20 days in which it may order a hearing. If no order has been entered 35 days from the above filing date, petition will be forwarded to the Court of Appeals for their consideration.

(XX)  The following instrument has been filed in the above listed case: **Motion for Evidentiary Hearing**
_____

A copy of this instrument is attached.

( )   This date, the transcript of your Petition for Writ of Habeas Corpus has been forwarded to the Court of Appeals.

( )   This to acknowledge your Motion for Shock Probation, please be advised the Court has GRANTED/DENIED same.

(XX)  Other:**Your Motion for Evidentiary Hearing and correspondence complaining about not receiving any response concerning your 11.07 filing were both received before the Writ.**

All further correspondence should indicate the above cause number.

Janet Gates, District Clerk
Rusk, Cherokee County, Texas

BY_____ Deputy
PAT HANSON - DIST CLERK OFFICE
135 S. Main - 2nd Floor
Rusk, Texas 75785

FILED
AT 10 O'CLOCK A.M.
JAN 15 2015
JANET BATES
CLERK DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

Ex Parte Jeffrey L. Ward | In The Second Judicial District

VS. | Court of

The State of Texas | Cherokee County Texas

<u>MOTION FOR EVIDENTIARY Hearing in Cause No. 11965 B</u>

<u>FOR PURPOSE OF HABEAS CORPUS WRIT</u>
<u>REQUESTING ATTORNEY'S ASSISTANCE</u>

Jan. 7th, 2015

Applicant files this Motion before this court for purposes in Conjunction with the WRIT OF HABEAS CORPUS in Cause No. 11965 B, Filed with the Clerk of this Court and as for Cause for this requested hearing would show the following,

Applicant was denied a full and fair evidentuary in this the Second Judicial District Court of Cherokee County Texas Before the Honorable Judge Bascom W. Bentley III on July 8, 1993.

Therefore, Applicant asserts that there are contraverted, previously unresolved factual Issues, material to the legality of this applicants Confinement yet to be resolved. Such as TAMMY BROWN did not get to testify Concirning her being assaulted with her daughter TABITHA, BY AL CLARK JR. Just outside the Courtroom during the trial. The prior partial evidentuary hearing ended prematurely, not allowing miss Brown an oppertunity to testify.

---

Copy: Certified Return Receipt Reg.

1-15-15

Dear Clerk,

I filed a habeas corpus at this court back in June 3, 1993. The Court of Criminal Appeals finally recieved that habeas and it was dismissed on 9-16-98. That's some 6yrs. and during that time the courts clerk would never reply to any requests as to what was going on or happening with that habeas. They never responded to any of my mail at all.

I've written this office, and sent an application for Writ of Habeas Corpus on the 21st of Dec, 2014, and I've sent this office a Motion for an evidentuary Hearing.

I have not recieved any indication that your office has recieved these documents. I don't intend to let this matter go or sit too long.

This letter to your office will be sent to the Attorney Generals Office along with an explanatory letter, if I don't hear from you in the near future concerning the mentioned documents. It was bad enough to not recieve a fair trial. Please don't make it any worse.

FILED
AT 10 O'CLOCK A.M.
JAN 20 2015
JANET BATES
CLERK DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY

Sincerely
Jeffrey L. Ward #647761

---

Case No. 11965·C
(The Clerk of the convicting court will fill this line in.)

FILED
AT 10 O'CLOCK A.M.
JAN 21 2015
JANET BATES
CLERK DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Jeffrey L. Ward

DATE OF BIRTH: July 5th, 1961

PLACE OF CONFINEMENT: Wynne Unit, Huntsville Texas

TDCJ-CID NUMBER: 647619    SID NUMBER: 01629319

(1) This application concerns (check all that apply):

☑ a conviction ☐ parole
☐ a sentence ☐ mandatory supervision
☐ time credit ☐ out-of-time appeal or petition for discretionary review

(2) What district court entered the judgement of the conviction you want relief from? (Include the court number and county.)

The Second Judicial District Court of Cherokee County Texas

(3) What was the case number in the trial court?

11965

(4) What was the name of the trial judge?

The Honorable Bascom Bentley III

COPY

---





Jeffrey L. Ward #647619
Wynne Unit; 810 FM 2821
Huntsville, Texas 77349

COPY

*Exhibit (B) Petitioners Only Copy!*

CAUSE NO. 12-93-00042-CR

IN THE TWELFTH COURT OF APPEALS

TYLER, TEXAS

JEFFREY WARD, APPELLANT

VS

THE STATE OF TEXAS, APPELLEE

APPEALED FROM THE 2ND JUDICIAL DISTRICT COURT OF CHEROKEE COUNTY
TEXAS, CAUSE NUMBER 11965, THE HONORABLE BASCOM BENTLEY, III.
JUDGE PRESIDING

STATE'S BRIEF

THE STATE OF TEXAS
JAMES H. CROMWELL
DISTRICT ATTORNEY
CHEROKEE COUNTY, TEXAS
BY:   ELMER C. BECKWORTH, JR.
STATE OF TEXAS BAR NO.02020700

ATTORNEYS FOR THE STATE

## TABLE OF ABREVIATIONS

|  | PAGE |
| --- | --- |
| **SF-STATEMENT OF FACT-GUILTY/INNOCENCE** | 2-15 |
| **SX-STATE EXHIBIT** | 10 |
| SFW-STATEMENT OF FACTS-WRIT HEARING | 12 |

i

# LIST OF AUTHORITIES

**PAGE**

California v. Green, 399 U. W. 149 (1970)                    7, 11

Serna v. State, 1 S.W.2d 543 (Tex.Cr.App. 1928)             7, 11

McMurrey v. State, 168 S.W.2d 858 (Tex.Cr.App. 1943)        7, 11

Bryan v. State, 837 S.W.2d 637 (Tex.Cr.App. 1992)           8

Rule 804 (b)(1)                                             8, 11

Rule 804 (a)(1)                                             8

Coffin v. State, 850 S.W.2d 608 (Tex.App.-El Paso 1993)     8, 11

Davis v. State, 773 S.W.2d 592 (Tex.App.-Eastland 1989)     8

Putnam v. State, 582 S.W.2d (Tex.Cr.App. 1979)              9

Rule 804 (a)(2)                                             11

Drew v. State, 743 S.W.2d 207 (Tex.App. 1987)               12

Ortz v. State, 825 S.W.2d 537 (Tex.App. El Paso 1992)       14

Voight v. State, 662 S.W.2d 42 (Tex.App. 13 Dist.
   Corpus Christi 1983)                                     14

# TABLE OF CONTENTS

**PAGE**

LIST OF ABREVIATIONS     i

LIST OF AUTHORITIES     ii

STATEMENT OF THE CASE     1

STATEMENT OF FACTS     2

ARGUMENTS AND AUTHORITIES     6
   STATE'S RESPONSE TO APPELLANT'S POINT OF ERROR NUMBER ONE

PRAYER     15

AFFIDAVIT     16

CERTIFICATE OF SERVICE     17

iii

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, the State of Texas, submitting its Brief in the above entitled and numbered cause.

## STATEMENT OF THE CASE

Jeffrey Lynn Ward was arrested for Aggravated Sexual Assault of a child and possession of child pornography on or about July 15, 1992. On or about July 22, 1992 he was denied bond under Article 44.04 of the Texas Code of Criminal Procedure by the Honorable John Robert Adamson. In July, 1992, a three count indictment was returned by the Cherokee County Grand Jury alleging two counts of Aggravated Sexual Assault of a Child and one count of Promotion of Child Pornography. On November 16, 1992, a jury was selected and trial commenced. On November 19, 1992, Appellant was found guilty of two counts of Aggravated Sexual Assault of a Child and one count of the lesser included offense of Possession of Child Pornography. On November 20, 1992, Appellant was sentenced to 99 years confinement in the Texas Department of Criminal Justice, Institutional Division and a fine of $10,000.00 for Count I Aggravated Sexual Assault of a Child, 99 years confinement in the Texas Department of Criminal Justice, Institutional Division and a fine of $10,000.00 for Count II, Aggravated Sexual Assault of a Child and ten (10) years confinement in the Texas Department of Criminal Justice, Institutional Division and a fine of $10,000.00 for Count III Possession of Child Pornography. Appellant filed his Notice of Appeal December 22, 1992 and his appeal was reinstated in June, 1993. The State timely files its Brief herein.

1.

## STATEMENT OF FACTS

Dr Kurt Nielson testified on July 15, 1992 he examined Jennifer Stevens, age eight, and Tabitha Brown, age seven, in the emergency room of Nan Travis Hospital in Jacksonville, Texas (SF 33-54) Dr. Nielson testified that his examination consisted of a physical examination and patient history. (SF 34-37, 37-43). He further testified that Jennifer Stevens had bruises in her vaginal and rectal area, her rectum was dialated and there were bruises between her rectum and vagina (SF 34-36). Dr. Nielson testified that Tabitha Brown had a dialated rectum with bruising around her rectum, redness in the lower part of her vagina towards her rectum, and bruising with some swelling around her lower vaginal area. (SF 37-38). Dr. Nielson also listed the possible causes of each condition he found. (SF 40-43). Finally Dr. Nielson testified that:"In Tabitha Brown I would have to say that was extremely likely it was sex abuse or sexual assault. In Jennifer it was highly suspicious for sexual assault or possibly a very large bowel movement."

Tabitha Brown testified that she and Jennifer were at Jeff Ward's house <u>behind a church</u> and they fell asleep and she remembered waking up (SF 61-62). When asked what happened she said "I don't remember that question". Then she was asked if "anyone did anything to her they shouldn't," she said 'yes'. Then she was asked who, she pointed to the defendant. Then she would not answer what he did (SF 66). Then she

2.

was asked other questions. (SF 66-68). Again she was asked if she could tell these people what Jeff did to her, she refused to answer (SF 68). When the Court asked her if she would answer the question, she did not want to, she shook her head no. (SF68). Then with the Court's permission the State asked the following leading question. " Tabitha did Jeff touch you," answer "yes", "where did he touch you," and Tabitha said "I don't want to answer that question." The State passed the witness subject to recall and the Defendant waived cross examination. (SF 71-73).

Jennifer Stevens testified Jeff had done something to both Tabitha and her. (SF 76-77). Jennifer further testified that Jeff had touched her with his finger on the inside of her "butt" and identified the Appellant. (SF 78-79). On cross-examination, Jennifer again testified that Appellant had put his finger inside her butt. (SF 86-87). She also testified that Appellant did the same thing to Tabitha. (SF 79).

Deputy Geneva Miller testified to her investigation, securing a search warrant and the execution of the search warrant and finding child pornography in the filing cabinet in Appellant's bedroom and the predicate for the physical evidence introduced concerning Count II, child pornography. (SF 94-218).

Johnny Rodriquez testified concerning some admission made to him while in the Cherokee County Jail by Jeff Ward. (SF 221-276).

3.

Phillip Goodwin testified to Mr. Rodriquez coming forward as a witness and the locations of the respective cells of Appellant and Johnny Rodriquez and the damaged aspects of the jail relating to possible communication between Ward and Rodriquez. (SF 277-282) (SF 528-533).

Tabitha Brown was recalled by the State. (SF 292). When asked what Jeff did to her, she refused to answer. (SF 293-295). The Court asked Tabitha to answer and she made no response. The State requested the Court to instruct her to answer and she did not. (SF 295-296). The State moved to introduce her testimony from the bond hearing. (SF 290). After objection from Appellant and argument of counsel, the Court granted the State's Motion but recessed the jury to allow counsel time to do more research.

The next day, November 18, 1992 the Court heard further arguments. (SF 323-334). Initially, counsel for Appellant objected and presented arguments against introduction of said transcript. (SF 323-330). Then counsel for Appellant stated that he had no objection to the entire document if certain parts were excised. (SF 333). After the document was redacted, the State offered the same into evidence. (SF 337). Appellant, when asked by the Court if he had objection stated that he had no objection, to the entire transcript being admitted. (SF337).

The defendant called Linda Gail Bingham, mother of Jennifer Stevens, who testified about the events prior to the molestation,

4.

the outcry by the victim, and the examination at the hospital. (SF 411-448). Ms. Bingham also testified that Jennifer Stevens was a truthful child. (SF 447).

Tammy Brown testified, after being called by the defense, that she was Tabitha Brown's mother. (SF 451). She testified to her whereabouts on the night of the offenses against Jennifer and Tabitha. (SF 455-459), 461-473). Mrs. Brown also testified that she had looked through a filing cabinet in Jeff's bedroom and had seen no child pornography in approximately June of 1992.

Curtis Durrett testified impeaching Linda Bingham concerning her asking appellant for money.

David Harper testified as to his memory of the night in question, including the fact that the door to the room in which the children was located was closed. (SF 490-503, 496).

Appellant testified and denied the offense.

Jennifer Stevens was recalled by Appellant and impeached by her prior testimony. (SF 544-547). On cross-examination, she was asked what she meant when she said Appellant played with her butt. She testified again "he stuck his finger in my butt."

Sandra Hamilton testified that Tammy Brown previously had said Jeff had not molested her daughter. (SF 559-560).

Geneva Miller and Darlene Edwards testified that David Harper's reputation for truth and veracity was bad. (SF 550, 556).

Sheriff Jimmy Dickson testified that Jeff Ward's and Sandra Hamilton's reputation for truth and veracity were bad.

5.

## ARGUMENT AND AUTHORITIES

**STATE'S RESPONSE TO APPELLANT'S POINT OF ERROR NUMBER ONE:**

Appellant contends that the admission of the edited transcript was alternatively a violation of the United States Constitution, the Texas Constitution, or Rule 804 of the Texas rules of Criminal Evidence.

Appellant's major contention seems to be that the bond hearing under Article 44.04 of the Texas Code of Criminal Procedure was for a limited purpose and does not involve a similiar motive to develop the testimony as required by Rule 804(b)(1) of the Texas Rules of Criminal Evidence. Appellant further argues the limited cross examination at a bond hearing under Article 44.04 of the Texas Code of Criminal Procedure should be distinguished from cases in a similiar situation that involve prior testimony from a preliminary hearing such as an examining trial.

Finally, Appellant subjectively suggests that Tabitha Brown's testimony was untrue at the bond hearing, but was true in a Writ of Habias Corpus hearing, and somehow the switch in her story is connected to the admission of the transcript from the Article 44.04 hearing.

The State contends that the transcript of said bond hearing was properly admitted into evidence, or alternatively, that there was no objection to its admission, or any error was waived by Appellant by failing to object when the transcript was offered into evidence before the trier of fact.

6.

United States Constitutional law has held that if a witness becomes unavailable at trial because of death, absence and inability to locate after exercising diligence, lack of memory, exemption by privilege, or refusal to testify, his or her prior testimony is admissible if the witness was subject to cross-examination, the motive to develop said testimony by direct or cross was similiar, and the party complaining had an opportunity to cross examine. The case cited by Appellant, California v. Green, 399 U.S. 149 (1970), establishes this criteria for admissibility. In Green, the United States Supreme Court gives a history of the case-law supporting the proposition that admitting the prior testimony of an unavailable witness does not violate the Confrontation Clause. Green, supra. The Court held:

> "As in the case where the witness is physically unproducible, the State here has made every effort to introduce its evidence through the live testimony of the witness; it produced Porter at trial, swore him as a witness, and tendered him for cross-examination. Whether Porter then testified in a manner consistent or inconsistent with his preliminary hearing testimony, claimed a loss of memory, claimed his privilege against compulsory self-incrimination or simply refused to answer, nothing in the Confrontation Clause prohibited the State from also relying on his prior testimony to prove its case against Green."

Years ago, Texas Courts held that use of prior testimony subject to cross-examination was admissible and not violative of the Texas Constitution. Serna v. State, 1 S.W.2d 543 (Tex. Cr. App. 1928). McMurrey v. State, 168 S.W.2d 858 (Tex.Cr. App. 1943). In McMurrey, a doctor's testimony from a prior sanity trial was admitted at trial after the doctor died. McMurrey at 861. In Serna, a deposition was read into evidence after showing that the witness was in a Federal penitenlary in Kansas. Serna at 545. Therefore, there is no merit

7.

to Appellant's contention that the use of prior testimony subject to cross examination with a similar motive is contrary to provisions of the Texas Constitution.

Since, the adoption of the Texas Rules of Criminal Evidence, Texas Courts have interpreted Rule 804(b)(1) to mean what it says it means. In **Bryan** v. **State**, 837 S.W.2d 637 (Tex.Cr.App. 1992), the Texas Court of Criminal Appeals held that a defendant who testified at his **first trial** that, and invoked his privilege against self incrimination at his second trial, had become unavailable for purposes of Rule 804(a)(1) and the transcript was admissible under Rule 804 (b)(1). The prior testimony of a deceased doctor in a certification hearing for a Juvenile was admissible under 804(a)(4) and 804(b)(1) in the actual trial after certification. **Coffin** v. **State**, 850 S.W.2d 608 (Tex.App.-El Paso 1993). Even the case cited by Appellant, **Davis** v. **State**, 773 S.W.2d 592 (Tex.App.-Eastland 1989) would allow admission under these factors. In **Davis**, a co-defendant who had previously testified in his own case and had been convicted, refused to testify against the defendant on trial. The Court of Appeals held that he was unavailable under 804(a)(2). **Davis** at 593. However, the Court ruled such evidence was inadmissible because the party on trial did not have an opportunity to cross-examine the unavailable witness. **Davis** at 593.

At the time that the instant offenses were committed, Appellant was on bond pending an appeal for the offense of Unauthorized Use of a Motor Vehicle (SF 333, SX-35). The State sought to revoke said bond

8.

under Article 44.04(c) to wit: "is likely to commit an offense while on bail" (SX-35). Under the cases interpreting Article 44.04(c), if a defendant is already on bail and commits another offense, the Court may revoke the bond if the State proves the offense or offenses by a preponderance of the evidence Putnam v. State, 582 S.W.2d (Tex.Cr.App. 1979). Thus the purpose of the bond hearing was not, as Appellant contends, to show he was a threat to the community. The State was required to prove these very offenses which were later tried in November, by a preponderance of the evidence on July 22, 1992, in order for the Court to legally deny bond. (SF 35). There was clearly a similar motive to the testimony by direct cross-examination or redirect examination. Texas Rule of Evidence 804(b)(1).

At said bond hearing, Tabitha Brown was called and questioned about this very offense by the State. (SF 368-375 SX-35 p 43-47). The defendant was represented by the same attorney who represented him at trial. (SF-35). Counsel for Appellant waived cross-examination, but recalled Tabitha Brown during the defendant's evidence. (SF 390-396). At that time Appellant's counsel had the opportunity for cross examination and exercised it concerning the very details of the offense which was tried in November of 1992. (SF 390-396, SX-35 p. 67-74).

The State's position concerning the purpose of the bond hearing and the similar motive for direct and cross-examination of the witnesses is further evidenced by the balance of the bond hearing.

9.

The examination and cross-examination of Deputy Geneva Miller is similar to that of trial. (SF 94-145, SF342-367 SX 35 p. 10-38). The same is true for Jennifer Stevens. (SF 74-88, 37-38, 396-400 SX-35 p. 49-54, SX-35 p. 74-78, 543-547). In fact, Appellant's recalling Jennifer Stevens, and his questions to her on rebuttal were based on her prior statements at the bond hearing, thereby evidencing a similar motive. (SF 543-547). At said bond hearing in Appellant's Motion for Directed Verdict, Appellant and the State's arguments were directed to the issue: i.e. whether the State had proved its charges, the same ones tried herein, by a preponderance of the evidence. Finally and by way of illustration, in reviewing the Statement of Facts, it is often difficult to determine which were the live witnesses at trial and which was the transcription of the bond hearing transcript read to the jury.

As to the unavailability issue, Tabitha Brown testified "that she did not remember that question" (SF 64). When asked what Appellant had "done to her that he shouldn't have," Tabitha gave no response. (SF 66). When asked to tell the people what Jeff did to her, she gave no response. (SF 68). When the Court asked her if she could answer the question she shook her head no. (SF 68). After testifying that Jeff did touch her, she was asked where did he touch you and she answered, "I don't want to answer that question." (SF 70). After being recalled, she did not respond when asked what Jeff did to her. (SF 293). The State then asked a series of questions to which she did not respond. (SF 295). When instructed by the Court to answer out she did

10.

not respond. (SF 296). Then the Court asked her if she wanted to stop, and she nodded affirmatively. (SF 296). Tabitha Brown clearly *not so clear* meets the criteria for unavailability under Rule 804(a)(2) and (3) of the Texas Rules of Criminal Evidence.

Thus the facts in the present case, clearly satisfy federal constitution requirements as enunuated by **Green**, State Constitution statutes as set forth in **Serna** v. **State** and **McMurrey** v. **State**, and **Rule 804(a)(2)** and **Rule 804(b)(1)**. In fact, the legal criteria for prior testimony is stronger in this case than with **Green** and **Coffin v. State**. In **Green**, the prior testimony was at an examining trial in which the prosecution merely had to show probable cause. In **Coffin v. State**, the prior hearing concerned certification. Here, the prior hearing required a higher standard of proof and was directly on point as to the issue to be proved. Appellant's other cases are either clearly distinguishable or cite general principles concerning confrontation not applicable herein.

Appellant declares that Tabitha Brown did not tell the truth at the bond hearing and later did at a Writ of Habeas Corpus hearing. The State contends that this issue is not properly or legally before the Court. If this Honorable Court holds it to be an issue the State presents the following.

Dr. Kurt Nielson testified that in his opinion Tabitha Brown had been a victim of sexual assault. (SF 29-50). Jennifer Stevens testified that Appellant did the same thing to Tabitha Brown that he

11.

Even if there were any merit to Appellant's Point of Error, any error was waived either because he did not object, or joined in the offer of said evidence or, alternatively, waived error by failing to object before the trial of fact. Rule 103(a)(1) of the Texas Rules of Criminal Evidence holds that there must be an objection to evidence to preserve error.

Appellant did object to said former testimony of Tabitha Brown when it was first offered by the State. (SF 299). Appellant requested a recess until the following morning and the Court granted the same. (SF 310-311). The next morning Appellant initially objected to the prior testimony of Tabitha Brown. (SF 323) Then the following occurred.

> "MR. TANDY: Judge, I have no objection to allowing this entire document to be introduced the excising of Mr. Ward's problem of the Sheriff being given a prior conviction that's now on appeal, and any reference in that, that Jeff Ward has had any prior conviction. I welcome this to be introduced if that is the situation. Now, if they want to take it piecemeal, I don't.
> THE COURT: I thought about that yesterday when I read it is that--Mr. Tandy, you're saying if we excise out the parts in there of his problem with the Sheriff, etcetera, and prior convictions or things on appeal, you'd have no objection?
> MR. TANDY: I have no--I can live with it, then, because there's lots of things in there that, in my limited knowledge--
> THE COURT: Do you have any objection to that, Mr. Beckworth?
> MR. BECKWORTH: Your Honor, under the rule of optional completeness, I think he's entitled to it."

Counsel waived any objection provided the entire document was admitted except certain portions as he requested, and the exhibit was introduced as requested. (SF 333, 337).

In addition, Rule 103(a)(1) has been interpreted to hold that an objection must be made in the presence of the finder of fact to preserve error. Ortz v. State, 825 S.W.2d 537 (Tex.App. El Paso 1992) at 541. In Ortz, the Appellant filed a Motion in Limine and certain matters were presented outside the jury's presence. The Court ruled some matters admissible and others not admissible. Appellant failed to object before the jury. The Court held that there must be an objection before the jury to preserve error. Ortez at 541. In the present case, the State offered the transcript into evidence, stating it was the prior testimony of Tabitha Brown (SF 337). Counsel for Appellant stated "We have no objection, Judge, to the entire transcript being admitted," (SF 337) and insisted that the entire transcript be read to the jury. (SF 338). Therefore any possible error was waived.

Next the State contends that if there was error, it is harmless beyond a reasonable doubt pursuant to Rule 81(b)(2) of the Texas Rules of Criminal Evidence. The testimony of Dr. Nielson, Jennifer Stevens, and the partial testimony of Tabitha Brown without the prior testimony is sufficient to establish guilt. A similar situation has been held sufficient in Voight v. State, 662 S.W.2d 42 (Tex.App. 13 Dist. Corpus Christi 1983). In Voight the victim testified as to the defendant being present and choking her, not the elements of aggravated rape. A doctor testified that rape had occurred and another child testified as to what he heard the defendant say. Voight. In the present case, Dr. Neilson testified that in his opinion Tabitha Brown had been sexually assaulted, (SF 43) and, Jennifer Stevens testified that the Appellant

14.

did the same thing to Tabitha that he did to her (Jennifer Stevens). (SF 79). Tabitha Brown testified that Appellant touched her and did something to her that "he shouldn't have." (SF 66, 71-77). Any possible error is harmless.

Finally and in the alternative the State asks this Honorable Court, that if it should find error, no waiver, and any error to be harmful, that the conviction in Count I, aggravated sexual assault of Jennifer Stevens, a child and Count III, possession of child pornography to be affirmed and only Count II be remanded for new trial. The State makes this alternative request for relief pursuant to Rule 801(b) and (c) of the Texas Rules of Appellate Procedure.

WHEREFORE, PREMISES CONSIDERED the State prays that this Honorable Court affirm the Judgment of the Trial Court below for the reasons stated herein or alternatively affirm the judgment as to Counts I and III if this Court finds error as contended by Appellant.

RESPECTFULLY SUBMITTED,

JAMES H. CROMWELL
DISTRICT ATTORNEY
CHEROKEE COUNTY, TEXAS

ELMER C. BECKWORTH, JR.
ASSISTANT DISTRICT ATTORNEY
P. O. BOX 450
RUSK, TEXAS 75785
STATE OF TEXAS BAR NO. 02020700
903/683-2573

15.

THE STATE OF TEXAS

COUNTY OF CHEROKEE

### AFFIDAVIT

BEFORE ME, the undersigned authority, appeared ELMER C. BECKWORTH, JR., on the ____23rd____ day of December, 1993, and who being by me duly sworn did depose and state on this oath the following:

"My name is ELMER C. BECKWORTH, JR. I am the attorney for Appellee in the above entitled and numbered cause. I have read the above and foregoing State's Brief and swear that it is true and correct and within my personal knowledge."

_____
ELMER C. BECKWORTH, JR.

SUBSCRIBED AND SWORN TO BEFORE ME on this 23rd day of DECEMBER, 1993.

_____
NOTARY PUBLIC, STATE OF TEXAS


CAROLYN ROGERS
NOTARY PUBLIC
State of Texas
Comm. Exp. 02-28-97

16.